UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARTHA MARTINEZ, on behalf of herself and all other
persons similarly situated,

                Plaintiff,

                              **COMPLAINT**

    -against-

DIVISION STREET HOTEL CORP. d/b/a           *FLSA Collective Action*
THE AMERICAN HOTEL,                           *and Rule 23 Class Action*

                Defendant.
------------------------------------------------------------------------X

       Plaintiff, Martha Martinez, on behalf of herself and all other persons similarly situated, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendant, Division Street Hotel Corp. d/b/a The American Hotel ("Defendant"), alleges as follows:

## NATURE OF THE CLAIM

       1.    Plaintiff brings claims against Defendant on behalf of herself and all other persons similarly situated to recover damages for violations of the prompt payment provision of the Fair Labor Standards Act, 29 U.S.A. § 201 et seq. ("FLSA") pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b). Plaintiff also brings claims against Defendant for violation of the frequency of pay provision of the New York Labor Law § 191 ("NYLL") on behalf of herself and each FLSA plaintiff who elects to opt-in to this action pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b) ("FLSA Plaintiffs").

       2.    Plaintiff and FLSA Plaintiffs are "manual workers." Defendant failed to timely pay wages to Plaintiff and the FLSA Plaintiffs and instead paid their wages bi-weekly. Plaintiff and FLSA Plaintiffs depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages. Each time that Defendant failed to promptly pay Plaintiffs and FLSA Plaintiffs their wages, Defendant

1

deprived them of the use of money to which they were legally entitled. As a result, they lost the time value of money.

3. Defendant's payment policy violated the FLSA's prompt payment requirement. There are many similarly situated current and former employees of Defendant who have been paid late in violation of the FLSA. Because putative plaintiffs are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the potential FLSA Plaintiffs of their right to participate in this lawsuit.

4. Defendant's payment policy also violated NYLL § 191(1)(a), which requires that manual workers be paid within seven days after the end of the workweek. Plaintiff brings this action on behalf of herself and the FLSA Plaintiffs to recover liquidated damages for late-paid wages pursuant to NYLL § 198.

5. Plaintiff also brings this action against Defendant on behalf of herself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover for Defendant's failure to pay spread-of-hours pay, and failure to timely pay wages in violation of NYLL § 191. Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to NYLL 198(1-a).

6. Managers and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

9. Defendant is and was a domestic business corporation with a principal place of business located at 45 Main Street, Sag Harbor, New York 11963.

10. At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of cleaning machinery, tools, mops, brooms, cleaning supplies, office supplies, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from out of New York State.

11. Defendant's restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

12. At all relevant times, Plaintiff was a non-exempt employee of the Defendant and an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

13. Plaintiff's duties included preparing and cooking food. In performing her duties, Plaintiff handled or worked with goods, such as fruit, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

14. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

15. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203.

## THE FLSA COLLECTIVE ACTION

16. Plaintiff seeks to proceed as a collective action with regards to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the FLSA Plaintiffs.

17. Plaintiff is acting on behalf of Defendant's current and former employees' interests as well as her own interests in bringing this action.

18. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective Plaintiffs, who have been unlawfully deprived of prompt payment of their wages in violation of the FLSA, will be unable to secure compensation to which they are entitled.

19. Plaintiff and FLSA Plaintiffs were subjected to Defendant's policies, practices, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

20. Plaintiff and FLSA Plaintiffs had similar job duties and frequency of pay. Plaintiff and Collective Plaintiffs spent over 25% of their working time performing physical labor.

21. Defendant failed to promptly pay Plaintiff and the FLSA Plaintiffs their wages.

22. Defendant applied its frequency of payment policy to Plaintiff and the FLSA Plaintiffs uniformly.

23. Plaintiffs and FLSA Plaintiffs were uniformly deprived of the time value of their earned wages during periods in which payment was delayed.

24. Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which the payment of their wages was delayed.

25. Plaintiff and FLSA Plaintiffs lost the time value of their earned wages.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

26. Plaintiff brings New York Labor Law claims on behalf of herself and a class under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in the State of New York in non-exempt positions including, but not limited to, cooks, dishwashers, servers, bussers, food runners, room attendants, housekeepers, and maintenance workers, at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

27. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 40 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

28. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are

over 100 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant failed to timely pay wages in violation of NYLL § 191, whether Defendant failed to pay Plaintiff and Class Members an additional hour's pay for each shift that they worked that was longer than 10 hours ("spread-of-hours" pay), and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

30. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by NYLL § 191. Defendant failed to pay Plaintiff spread-of-hours pay when she worked a day that was longer than 10 hours. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

31. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

32. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

33. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

34. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

35. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

36. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

37. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTS

38. Plaintiff was employed by Defendant as a cook from in or about March 2023 to in or about December 2023. The Plaintiff's job duties included preparing food and cleaning the kitchen. Plaintiff's job required lifting, bending, reaching, carrying, and standing for extended periods of time. Plaintiff spent more than 25% of her work time performing manual tasks.

39. Plaintiff was a "manual worker" whose wages were required to be paid within seven days of when they were earned in accordance with NYLL § 191.

40. Defendant failed to timely pay Plaintiff's wages weekly and instead paid her wages bi-weekly pursuant to its company-wide payroll practice in violation of NYLL § 191.

41. Every time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant deprived her of the use of money to which she was legally entitled.

42. As a result of Defendant's failure to timely pay Plaintiff's wages Plaintiff lost the time value of money.

43. Each time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant underpaid Plaintiff for the work that she performed.

44. Plaintiff was scheduled to work from 9:00 a.m. to 11:00 p.m. and regularly worked a workday that was longer than 10 hours from its start to its finish.

45. Defendant failed to pay Plaintiff an additional hour's pay at the minimum rate for each day that she worked a workday that was longer than 10 hours from its start to its finish as required by 12 N.Y.C.R.R. § 146.

46. Defendant failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

47. Defendant failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* spread-of-hours pay for each workday that Plaintiff worked that was longer 10 hours in violation of NYLL § 195(3).

48. Defendant's failure to provide Plaintiff with an accurate wage statement each pay period that correctly stated the amount spread-of-hours pay owed, prevented Plaintiff from knowing the extent to which she had been underpaid each pay period and seeking payment for the precise amount of her unpaid wages.

49. As a result of Defendant's failure, Plaintiff was deprived of her income for longer than she would have been had she been able to assert her claim for unpaid wages earlier. The Plaintiff was unable to determine how much she had been underpaid throughout her employment. Plaintiff would have asserted her claim earlier if accurate statements had been provided.

50. Defendant's failure to provide accurate statements not only denied Plaintiff the time-value of the underpayments she seeks to recover in this action, but also facilitated the continued practice of failing to pay Plaintiff spread-of-hours pay for each workday that Plaintiff worked that was longer than 10 hours.

**FIRST CLAIM FOR RELIEF**
**FLSA PROMPT PAYMENT VIOLATION**

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff and FLSA Plaintiffs are current and former employees entitled to prompt payment of their statutorily required wages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Under the FLSA, late-paid wages are a form of unpaid wages.

53. Defendants failed to timely pay wages to Plaintiff and the FLSA Plaintiffs after the conclusion of their workweek.

54. The delayed payment of wages was a result of Defendant's company-wide payroll policy and practice of paying its employees on a bi-weekly basis.

55. Each time that Defendant failed to promptly pay the wages owed to Plaintiff and the FLAS Plaintiffs, Defendant deprived them of the use of money to which they were legally entitled.

56. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Plaintiffs.

57. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Plaintiffs incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## NYLL FREQUENCY OF PAYMENT VIOLATION

59. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Plaintiff and Class Members were "manual workers."

61. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned in accordance with NYLL § 191.

62. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly in violation of NYLL § 191.

63. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

64. Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the total of the delayed wages, plus reasonable attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**
**NYLL SPREAD-OF-HOURS VIOLATION**

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendant willfully failed to pay Plaintiff and Class Members one additional hour's pay at the basic minimum wage rate for each day the spread-of-hours exceeded ten (10) in violation of in violation of N.Y.C.C.R. 12 §§ 142, 146 and the NYLL.

67. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**NYLL WAGE NOTICE VIOLATION**

68. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendant failed to provide Plaintiff and Class Members with a compliant written notice upon hire in their primary language setting forth their rate of pay; the basis of their rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

70. Due to Defendant's failure to provide Plaintiff and Class Members with the notice required by NYLL § 195(1), Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to NYLL § 198(1-a).

## FIFTH CLAIM FOR RELIEF
## NYLL WAGE STATEMENT VIOLATION

71. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff and Class Members with accurate statements each pay period as required by NYLL § 195(3).

73. Due to Defendant's failure to provide Plaintiff and Class Members with an accurate wage statement each pay period, Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to NYLL § 198(1-a).

## DEMAND FOR JURY TRIAL

74. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

(ii.) Liquidated damages under the FLSA;

(iii.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

  (iv.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

  (v.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

  (vi.) Damages pursuant to NYLL § 198(1-a);

  (vii.) Pre-judgment and post-judgment interest as permitted by law;

  (viii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

  (ix.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
   September 26, 2024

              ROMERO LAW GROUP PLLC

         By: */s Peter A. Romero*

              _____
              Peter A. Romero, Esq.
              490 Wheeler Road, Suite 277
              Hauppauge, New York 11788
              Tel. (631) 257-5588
              promero@romerolawny.com

              *Attorneys for Plaintiff*

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, American Hotel , and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Romero Law Group to represent me in this case.

_____   08/15/24
Martha Eugenia Martinez (Aug 15, 2024 21:24 EDT)
Martha Martinez                                                     Date